IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| | ) |
| | ) CIVIL ACTION NO. 5:13-CV-561 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HTC CORPORATION and HTC AMERICA, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff FlashPoint Technology ("FlashPoint" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants HTC Corporation and HTC America, Inc. ("Defendants"), alleging as follows, on personal knowledge as to its own activities and on information and belief as to all other matters:

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,812,736 (the "'736 Patent") (attached as Exhibit A) entitled "Method and System for Creating a Slide Show With a Sound Track in Real-Time Using a Digital Camera," 5,943,093 (the "'093 Patent") (attached as Exhibit B) entitled "Software Driver Digital Camera System With Image Storage Tags," 5,986,701 (the "'701 Patent") (attached as Exhibit C) entitled "Method and System of

Grouping Related Images Captured With a Digital Image Capture Device," 6,362,850 (the "'850 Patent") (attached as Exhibit D) entitled "Interactive Movie Creation From One or More Still Images in a Digital Imaging Device" (collectively, "Asserted Patents"). Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in hand-held imaging devices, including but not limited to Defendants' smartphones and other hand-held imaging devices.

4. This action is for direct infringement. On information and belief, Defendants manufacture, use, sell, offer for sale, and/or import into the United States products, services, methods, processes or systems that infringe the Asserted Patents either literally or under the doctrine of equivalents.

5. In addition, this is an action for indirect infringement. On information and belief, Defendants contribute to or induce the direct infringement of the methods or processes claimed in the Asserted Patents.

## THE PARTIES

6. Plaintiff FlashPoint is a company with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire, 03458.

7. Additionally, FlashPoint operates and conducts business from its offices at 4011 Westchase Blvd., Suite 110, Raleigh, NC, 27607.

8. Plaintiff FlashPoint is the lawful assignee of all right, title and interest in and to the '736, '093, '701, and '850 Patents.

9. Plaintiff FlashPoint is a privately held company. FlashPoint focuses its business on developing technology for the digital imaging and consumer electronics industries. FlashPoint seeks to obtain patents on its innovations and license the technology to manufacturers and suppliers of, among other things, hand-held imaging devices. FlashPoint's development and licensing activities include developing, patenting, and licensing the Asserted Patents.

10. Upon information and belief, Defendant HTC Corporation is a foreign company organized and existing under the laws of Taiwan, with its principal place of business at 23 Hsing Hua Road, Taoyuan City, 33068 Taoyuan County, Taiwan, R.O.C.

11. Upon information and belief, HTC Corporation makes, sells, and/or offers for sale within the United States hand-held imaging devices. Such devices include, but are not limited to, smartphones.

12. Upon information and belief, HTC Corporation is the parent corporation of Defendant HTC America, Inc., which operates the domestic operations of HTC Corporation.

13. Upon information and belief, Defendant HTC America, Inc. is a domestic corporation organized and existing under the laws of the state of Washington, with its principal place of business located at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

14. HTC America, Inc. is a wholly owned subsidiary of HTC Corporation, and is the managing entity of the United States operations of HTC Corporation.

15. Plaintiff has been irreparably harmed by the Defendants' infringements of its valuable patent rights. Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

16. Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with existing licensees and potential licensees of Plaintiff's hand-held imaging device patents. The Defendants will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until the Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**JURISDICTION AND VENUE**

17. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-85.

18. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. Upon information and belief, Defendants are subject to personal jurisdiction in the State of North Carolina because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement of one or more of the claims of one or more of the Asserted Patents in this judicial district. Infringing products made and sold by the

Defendants, such as smartphones, including but not limited to the HTC One, are widely advertised in North Carolina and are readily available at numerous retail locations throughout the state including within the Eastern District of North Carolina. Upon information and belief, the Defendants make ongoing and continuous shipments of infringing products into North Carolina and maintain an established distribution network that encompasses North Carolina. Infringing products are manufactured by the Defendants and are used or consumed within this State in the ordinary course of trade. In addition, upon information and belief, solicitation or services activities were carried on within this State by or on behalf of the Defendants.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district. Additionally, Plaintiff maintains and operates part of its business in this judicial district.

## COUNT I
**(Infringement of United States Patent No. 5,812,736)**

21. Paragraphs 1 through 20 are incorporated by reference as if fully restated herein.

22. On September 22, 1998, the United States Patent and Trademark Office duly and legally issued the '736 Patent to FlashPoint, as assignee of inventor Eric C. Anderson. The '736 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the '736 Patent.

23. Upon information and belief, Defendants directly infringe the '736 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States products, services, methods or processes claimed in

the '736 Patent. For example, upon information and belief, Defendants make, use, sell, offer for sale, and/or import HTC smartphones, including but not limited to, the HTC One, which directly infringe one more claims of the '736 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '736 Patent through their customers' use of HTC products, including the HTC One, to practice one or more methods patented by FlashPoint.

24. Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '736 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT II**
**(Infringement of United States Patent No. 5,943,093)**

26. Paragraphs 1 through 25 are incorporated by reference as if fully restated herein.

27. On August 24, 1999, the United States Patent and Trademark Office duly and legally issued the '093 Patent to FlashPoint, as assignee of inventors Eric C. Anderson and Mike Masukawa. The '093 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the '093 Patent.

28. Upon information and belief, Defendants directly infringe the '093 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell

-6-
PPAB 2143699v1
Case 5:13-cv-00561-BO  Document 1  Filed 08/06/13  Page 6 of 11

and/or importing into the United States products, services, methods or processes claimed in the '093 Patent. For example, upon information and belief, Defendants make, use, sell, offer for sale, and/or import HTC smartphones, including but not limited to, the HTC One, which directly infringe one more claims of the '093 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '093 Patent through their customers' use of HTC products, including the HTC One, to practice one or more methods patented by FlashPoint.

29. Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '093 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

30. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT III**
**(Infringement of United States Patent No. 5,986,701)**

31. Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32. On November 16, 1999, the United States Patent and Trademark Office duly and legally issued the '701 Patent to FlashPoint, as assignee of inventors Eric C. Anderson and Mike Masukawa. The '701 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the '701 Patent.

33. Upon information and belief, Defendants directly infringe the '701 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States products, services, methods or processes claimed in the '701 Patent. For example, upon information and belief, Defendants make, use, sell, offer for sale, and/or import HTC smartphones, including but not limited to, the HTC One, which directly infringe one more claims of the '701 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '701 Patent through their customers' use of HTC products, including the HTC One, to practice one or more methods patented by FlashPoint.

34. Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '701 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

35. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
### (Infringement of United States Patent No. 6,362,850)

36. Paragraphs 1 through 35 are incorporated by reference as if fully restated herein.

37. On March 26, 2002, the United States Patent and Trademark Office duly and legally issued the '850 Patent to FlashPoint, as assignee of inventors Carl J. Alsing and Eric C. Anderson. The '850 Patent is in full force and effect. Plaintiff FlashPoint is the assignee

and lawful owner of all right, title and interest in and to the '850 Patent.

38. Upon information and belief, Defendants directly infringe the '850 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States products, services, methods or processes claimed in the '850 Patent. For example, upon information and belief, Defendants make, use, sell, offer for sale, and/or import HTC smartphones, including but not limited to, the HTC One, which directly infringe one more claims of the '850 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '850 Patent through their customers' use of HTC products, including the HTC One, to practice one or more methods patented by FlashPoint.

39. Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '850 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

40. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

1. That this Court adjudge and decree that the '736, '093, '701, and '850 Patents are valid and enforceable against the Defendants;

2. That this Court adjudge and decree that the Defendants have infringed the '736, '093, '701, and '850 Patents;

3. That this Court permanently enjoin the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

4. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendants' infringement;

5. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

6. That this Court assess pre-judgment and post-judgment interest and costs against the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

7. That this Court declare this case to be exceptional and direct Defendants to pay FlashPoint's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

-10-
PPAB 2143699v1
Case 5:13-cv-00561-BO   Document 1   Filed 08/06/13   Page 10 of 11

8. Grant to Plaintiff such other, further, and different relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

This 6th day of August, 2013.

    /s/ Christopher M. Thomas
William D. Belanger
Tuhin Ganguly
PEPPER HAMILTON LLP
600 14th Street NW
Washington DC 20005
202.220.1200
202.220.1665 - Fax
gangulyt@pepperlaw.com
belangerw@pepperlaw.com
[CM/ECF Login Applications Pending]


Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
P.O. Box 389
Raleigh, North Carolina 27602-0389
Phone: 919-828-0564
Fax: 919-834-4564
Local Civil Rule 83.1 Counsel

*Attorneys for Plaintiff FlashPoint Technology, Inc.*